## T. C. COX v. J. R. SEATON.

Eastern Section. July 24, 1926.

A. T. Bowen and J. R. Nichols, both of Knoxville, for plaintiff in error.

W. F. Miller, of Knoxville, for defendant in error.

SNODGRASS, J. This is an action for slander. There were eleven specifications of words, each specification claimed to be slanderous per se, i. e., spoken of and concerning the plaintiff in his business as a merchant, to-wit:

1. "Don't trade with Mr. Cox. He is too nasty to trade with."

2. "You better not trade with Mr. Cox. He is too nasty to trade with."

3. "Don't trade with Mr. Cox. He will short weight and short measure you. He is filthy and nasty with his merchandise."

4. "You better not trade with Mr. Cox, for he will short weight and short measure you, and is filthy with his merchandise."

5. "It will not do to trade with Mr. Cox. He is dirty and filthy and will cheat in weights and measures."

6. "Don't trade with Mr. Cox. He is nasty and filthy and ought to be run out of Knoxville, and if I could have my way he would go."

7. "Don't trade with Mr. Cox, because his place is consumpted."

8. "You better not trade with Mr. Cox, because his place is consumpted."

9. "Don't trade with Mr. Cox, because he and his place are nasty and filthy, and consumpted, and he will not tell the truth about anything, and ought to be run out of Knoxville."

10. "Mr. Cox's place is nasty and filthy and consumpted, and he will not tell the truth about anything, and ought to be run out of Knoxville."

11. "Mr. Cox is selling whiskey at his place of business. I can see men coming and going from his place."

There was a plea of not guilty, a trial before the court and jury, and a verdict for the defendant. A motion was made for a new trial, which being overruled the case was dismissed and the plaintiff has appealed to this court, and has assigned errors.

The defendant having taken the stand and denied the utterance of each and every specification, of course, under a proper charge, the jury being authorized to believe him, there is evidence to sustain the verdict for the defendant, and no reversal can be had upon the facts. But owing to the number of the specifications, it is insisted that the charge was erroneous and so misleading as that the jury might well under the charge have found a verdict for the defendant, though they might have believed that one or

more of the specifications had been proven, which, standing alone, would have authorized a judgment for the plaintiff.

In other words it is insisted, that the inevitable import of the charge was, that in order to a recovery the plaintiff would have to establish, by a preponderance of the proof, every specification alleged in the declaration to entitle him to a recovery, whereas it is insisted that in matters of this kind a plaintiff may group together words in any number of specifications, and if he substantially proves any one of the specifications, if it is slanderous and actionable, he would be entitled to recover even though he failed to prove any of the other specifications.

While it is conceded that all of the specifications were not proven, it is insisted that one or more of the specifications were substantially proven, and that so proven they were actionable per se, without any allegation of special damages, and that the plaintiff was entitled to a recovery; and that the effect of the charge in the use of the phrase "if any," was to limit this right of recovery to some special damage proven, which was misleading, and that therefore the court was in error in refusing to charge the following request:

"I further charge you that false and defamatory words spoken of and concerning a merchant touching his trade, or the conduct of his business, are actionable per se; and I therefore further charge you that if you find from a preponderance of the evidence that the defendant spoke the words alleged, against the plaintiff; that said words were false; that they were meant to injure the plaintiff, and did injure him in his business; or if they were such words as were likely to injure him in his business,—then plaintiff is presumed to have been damaged thereby, and is entitled to recover in this case without proving actual damages."

There is no virtue in the first assignment that the court should have granted a new trial because the action of the plaintiff is absolutely sustained by the testimony of numerous witnesses and there is practically no evidence to the contrary. The evidence of the defendant, who is, shown to have sustained a good character, was that he did not utter any of the slanderous words.

The second assignment is, that the Circuit Judge erred in charging the jury in substance that they must find by a preponderance of the testimony that the defendant spoke concerning the plaintiff the words alleged in the declaration before they could find for the plaintiff.

The third assignment is in relation to the special request heretofore quoted.

The fourth assignment is that—

"The Circuit Judge erred in delivering to the jury a charge so meagre and meaningless as they could not understand the same, and so apply the facts as to render an intelligent verdict."

As applied to the proof we think the charge is susceptible of the construction contended for by appellant. While a number of the specifications were not proven, we think there is evidence from which the jury might have concluded that the specification that he was nasty and filthy and had a nasty place, and that he would short-weight in his business was substantially proven, and that these words spoken of and concerning a merchant and his business were actionable per se, requiring no allegation or proof of special damages.

While it is true that to establish all the words alleged by a preponderance of the proof would entitle the plaintiff to a recovery, it is equally true that to establish even one of the specifications as indicated would likewise entitle the plaintiff to a recovery. The court should therefore have explained to the jury that it was not necessary to establish all the specifications as alleged, which the charge is well calculated to imply, but that it was sufficient if one or more of them that was slanderous per se was made to appear. It may be said that the special request submitted was not calculated to remedy this particular criticism, but it was calculated to remedy another prejudicial implication, in the use of the term "the defendant is liable for the damages, if any, resulting therefrom."

We can see under the charge how the jury may have thought to entitle a recovery it was necessary to prove all the specifications as charged, and how that after having proven all of them they may have still considered that no damages were shown. An effort was made to correct this in the special request submitted and refused. We can see how the same result may have been arrived at had the essentials of the proof been properly explained, and the measure and kind of damages defined, as the jury may still have believed the defendant, that he did not utter any of the words. We can also see how, notwithstanding they may have believed that one of the specifications as indicated may have been established, yet the case must fail because all were not proven: or that all, being proven, the case must fail because the jury may have believed the plaintiff had sustained no damage. A plaintiff or defendant is entitled to have the law in the charge made ap-

plicable to the facts, so that the verdict may be reasonably and certainly responsive.

For the errors indicated the cause will be reversed and remanded for a new trial.

Portrum and Thompson, JJ., concur.